IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER SESSION, 1999

FILED

April 26, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9803-CR-00082 |
| | ) | |
| Appellee, | ) | SHELBY COUNTY |
| | ) | |
| V. | ) | HON. JOHN P. COLTON, JR., |
| | ) | JUDGE |
| | ) | |
| GARY ANTONIO JOHNSON, | ) | (SECOND DEGREE MURDER) |
| | ) | |
| Appellant. | ) | |

## DISSENTING OPINION

I would reverse and remand for a new trial under the rationale presented in State v. Jason M. Weiskopf, No. 02C01-9611-CR-00381 (Tenn. Crim. App., at Jackson, Dec. 4, 1998), app. for perm. to appeal filed (Feb. 3, 1999). In State v. King, 973 S.W.2d 586 (Tenn. 1998), our supreme court ruled that the charge on parole eligibility and early release was acceptable because the jury was provided the instruction on an "information only" basis. In my view, juries should not be allowed to weigh and consider parole eligibility in the context of innocence or guilt. In Weiskopf, this court found plain error because the jury was instructed they could "weigh and consider the meaning of a sentence of imprisonment." Weiskopf, No. 02C01-9611-CR-00381, slip op. at 8 (Tenn. Crim. App., at Jackson, Feb. 4, 1998). Our supreme court granted the state's application for permission to appeal and remanded the cause to this court for reconsideration in light of King. Weiskopf, No. 02-C-02-9611-CR-00381 (Tenn., Nov. 2, 1998). On remand, Judge Joe G. Riley, writing for the panel, distinguished the jury instruction in King and, adhering to the reasoning of the initial opinion, reversed the conviction, and remanded for a new trial. Weiskopf, No. 02C01-9611-CR-00381 (Tenn. Crim. App., at Jackson, Dec. 4,

1998), perm. to app. filed by state (Feb. 3, 1999).


Under our law, the jury determines the guilt or innocence of the accused but does not determine the length of imprisonment. Weiskopf, slip op. at 5 (Dec. 4, 1998); Tenn. Code Ann. § 40-35-201(a). An instruction to "weigh and consider" sentencing information is constitutionally infirm because the jury is permitted to base its decision on information other than that adduced at trial. Weiskopf, slip op. at 5 (Dec. 4, 1998). Moreover, the error in giving the instruction in this instance was not harmless. That the defendant killed the victim is not disputed. The primary issue at trial, however, was the degree of homicide. The defendant presented testimony that the victim was shooting at him while he fired the fatal shots. The victim and the defendant had exchanged gunfire earlier in the day. Defense counsel argued that the defendant acted in self-defense; however, a mutual combat instruction was included in the traditional jury instruction for voluntary manslaughter:

> For you to find the defendant guilty of [voluntary manslaughter], the state must have proven beyond a reasonable doubt the existence of the following elements:
>
> ***
>
> (1) that the killing resulted from mutual combat or the excitement and heat of passion arising therefrom. Mutual combat means the[re] must be a mutual intention to fight and deadly or dangerous weapons must be used.

From all of this, I am unable conclude that the release eligibility jury instruction had no impact on the jury.


_____
Gary R. Wade, Presiding Judge